**Narinder KAUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70341.

INS No. A75–251–314.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2001 *.

Decided July 17, 2001.

Before HILL,** GRABER, and McKEOWN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

## MEMORANDUM ***

Narinder Kaur, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals (BIA), affirming the denial by the immigration judge (IJ) of her application for asylum and withholding of deportation under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under § 1105a(a).[1] Based on the following, we deny the petition.

■ In order to be eligible for a discretionary grant of asylum, an alien has the burden of demonstrating that she has been persecuted, or has a well-founded fear of persecution, in her native country on account of race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review credibility findings under a substantial evidence standard of review. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

■ Kaur claimed that she is entitled to asylum based upon political activities on her part that resulted in mistreatment by the authorities. The IJ conducted a full hearing on her application. Inasmuch as the BIA adopted the reasoning of the IJ, we look to the findings of the IJ. *Id.*

The IJ found that Kaur had failed to present "credible, direct and specific" evidence in support of her asylum application. The IJ referred to specific and material inconsistencies in her testimony, internally, going to the very heart of her asylum claim. The IJ also observed that Kaur appeared untruthful and uncooperative when confronted with these inconsistencies; that her testimony was vague, eva-sive and equivocal; and that she failed to corroborate any of her claims. There were also material inconsistencies between Kaur's testimony and the facts set forth in her application for asylum. The IJ found that Kaur "chang[ed] her testimony as she was challenged in order to say what would sound best."

■ Substantial evidence supports the IJ's finding of adverse credibility, as adopted by the BIA. *See Singh–Kaur*, 183 F.3d at 1149. Evidence submitted by Kaur was certainly not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *See Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. 812. Further, as Kaur has failed to establish eligibility for asylum, she has necessarily failed to meet the more stringent standard for withholding of deportation. *Id.*

Petition for review DENIED.

**Er Cai HE, Petitioner**

v.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although this section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), it provides transitional rules, applicable here, for cases filed prior to April 1, 1997, in which a final deportation order was issued on or after October 30, 1996.